UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Agnes Aleksander,<br><br>Plaintiff<br><br>v.<br><br>Affinitylifestyles.com, Inc., et al.,<br><br>Defendants | Case No. 2:26-cv-00195-CDS-DJA<br><br>**Order Granting Motion to Remand and Joinder and Denying as Moot the Motion to Dismiss and Motion to Refer**<br><br>[ECF Nos. 8, 10, 14, 16] |

In September 2025, Aleksander filed a civil action in state court against Liberty[1] and the debtors,[2] asserting state-law claims arising from Liberty's alleged failure to pay Aleksander's offer of judgment and insurance bad faith ("Aleksander Action"). *See* ECF No. 14 at 4. In October 2025, Liberty removed the case to the U.S. District Court for the District of Nevada based on diversity jurisdiction. *See* ECF No. 1 in *Aleksander v. Affinitylifestyles.com, Inc.*, Case No. 2:25-cv-02014-MMD-NJK (D. Nev. Oct. 17, 2025). Aleksander then filed a motion to remand. *See* ECF No. 5 in *Aleksander*, Case No. 2:25-cv-02014-MMD-NJK. District Judge Miranda M. Du held a hearing on the motion to remand and, after finding that there was not complete diversity of citizenship because the debtors were properly joined defendants, granted the motion from the bench. ECF No. 17 in *Aleksander*, Case No. 2:25-cv-02014-MMD-NJK. Thus, the case was remanded to state court.

In January 2026, the trustee, Ryan A. Anderson ("Trustee"), filed an answer to Aleksander's complaint in state court, asserting several affirmative defenses and crossclaims, as well as a counterclaim, under Nevada state law. *See* ECF No. 1-2. Liberty promptly removed the Trustee's counterclaim and crossclaims to this court under 28 U.S.C. § 1452(a), asserting that

[1] "Liberty" refers to Ohio Security Insurance Company, The Ohio Casualty Insurance Company, Peerless Indemnity Insurance Company, and West American Insurance Company.
[2] "The debtors" refers to Affinitylifestyles.com, Inc.; Real Water, Inc.; and Real Water of Tennessee, LLC.

they were "related to" the debtor's bankruptcy cases under 28 U.S.C § 1334(b). *See* ECF No. 1 at 4. Liberty also requested that the matter be referred to U.S. District Judge Cristina D. Silva rather than Judge Du. Notice, ECF No. 9. Liberty did not, however, remove Aleksander's claims against Liberty or the debtors; those claims remain pending in state court. ECF No. 14 at 2.

Now, Aleksander and the Trustee seek remand again. ECF No. 14; Mot. joinder, ECF No. 16.[3] They argue that mandatory and equitable abstention apply to the removed portion of the Aleksander Action. ECF No. 14. They also argue that the crossclaims have minimal effect on estate administration, such that state court can adjudicate the state-law claims, and the bankruptcy court can address any resulting judgment and recovery of money from Liberty. *Id.* at 20.

## I. Legal standard

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When a case is filed in state court between parties who are citizens of different states, and the amount in controversy exceeds $75,000, the defendant may remove the case to federal court. 28 U.S.C. §§ 1332, 1441, 1446. But there is a strong presumption against removal jurisdiction, and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant always has the burden of establishing that removal is proper. *Id.*

"Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). But "[i]n determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.* (citing *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)).

[3] The motion to remand is fully briefed. *See* Resp., ECF No. 23; Reply, ECF No. 27.

## II. Discussion

Aleksander argues that mandatory abstention under 28 U.S.C. § 1334(c)(2) applies to this action and thus precludes this court from hearing it. ECF No. 16. That statute states,

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). The statute has been interpreted as requiring the following: "(1) A timely motion; (2) a purely state law question; (3) a non-core proceeding § 157(c)(1); (4) a lack of independent federal jurisdiction absent the petition under title 11; (5) that an action is commenced in a state court; (6) the state court action may be timely adjudicated; (7) a state forum of appropriate jurisdiction exists." *In re GACN, Inc.*, 555 B.R. 684, 694 (B.A.P. 9th Cir. 2016) (quotation omitted).

Here, all seven requirements are met.

*First*, it is undisputed that the motion to remand is timely, as it was filed a few weeks after the case was removed to this court.

*Second*, only state-law claims are asserted in the complaint, counterclaim, and crossclaims. The complaint asserts claims for breach of contract, fraud, breach of the implied covenant of good faith and fair dealing, unfair claims settlement practices under NRS 686A.310, and declaratory relief. *See* ECF No. 1-4. The Trustee's eight crossclaims include breach of contract, insurer bad faith, breach of the implied covenant of good faith and fair dealing, violation of Nevada's Unfair Claims Practices Act (NRS 686A.310), waiver and equitable estoppel, contribution and indemnity, and bad faith conflict of interest. *See* Counterclaim & crossclaims, ECF No. 1-2 at 46–57. Finally, the counterclaim seeks declaratory relief under

Nevada law. *Id.* at 45–46. In sum, all of the claims in this action arise under Nevada state law, so the second requirement for mandatory abstention is met.

*Third*, this action is not a core bankruptcy proceeding because it does not invoke a substantive right under title 11, nor could it have only arisen in the context of a bankruptcy case. *See Superpumper, Inc. v. Leonard, Tr. for Bankr. Est. of Morabito*, 495 P.3d 101, 104 (Nev. 2021) ("A core proceeding in bankruptcy is one that invokes a substantive right provided by title 11 or a proceeding that, by its nature, could arise only in the context of a bankruptcy case." (citation modified)). Indeed, all of the claims arise under Nevada state law, and they exist independently of the bankruptcy cases. Though the bankruptcy court may ultimately determine how the damages are distributed to creditors, state court remains the appropriate forum to adjudicate these claims because they solely arise under Nevada state law.

*Fourth*, absent the bankruptcy petition, this court would not have independent federal jurisdiction. Stated otherwise, Liberty's sole basis for removal is 28 U.S.C. § 1334. Therefore, as Judge Du previously found, there is no diversity jurisdiction because Aleksander and the debtors share the same citizenship. *See* ECF No. 16 in *Aleksander*, Case No. 2:25-cv-02014-MMD-NJK.

*Fifth*, the Aleksander Action commenced in state court in September 2025 and is ongoing.

*Sixth*, the removed portion of the Aleksander Action will be timely adjudicated if remanded to state court. Discovery in the Alexander Action commenced after a conference was held on February 13, 2026. *See* ECF No. 14 at 13. This shows that the Aleksander Action has not stalled. And since the removed portion of the action is still in early stages—that is, the remand and motion to dismiss stage—the reuniting of the Aleksander Action and its removed portion will not unfairly prejudice the litigants.

*Seventh*, a state forum of appropriate jurisdiction exists: Nevada state court. This is an appropriate forum because it has jurisdiction over the parties, and it presides over the Aleksander Action.

Because all seven requirements for mandatory abstention are met here, § 1334(c)(2) requires this court to abstain from this action. Accordingly, the motion to remand is granted, and the motion to dismiss and motion to refer the removed action to the bankruptcy court are denied as moot.

**III. Conclusion**

IT IS THEREFORE ORDERED that the motion to remand **[ECF No. 14]** and joinder **[ECF No. 16] are GRANTED.**

IT IS FURTHER ORDERED that the motion to dismiss **[ECF No. 8]** and motion to refer the removed action to the bankruptcy court **[ECF No. 10] are DENIED as moot.**

The Clerk of Court is kindly instructed to remand this matter to the Eighth Judicial District Court, Case No. A-25-928759-B, Department 13, and close this case.

Dated: September 1, 2026

Cristina D. Silva
United States District Judge